UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLCREST PROPERTY, LLP,

    Plaintiff,

v.                                      CASE NO.: 8:10-cv-819-T-23TBM

PASCO COUNTY,

    Defendant.
_____/

## **ORDER**

An April 12, 2013, order (Doc. 196) comprehensively analyzes the claims in this action and grants Hillcrest's motion for summary judgment on Count VII, a "facial" substantive due process claim. A May 21, 2013, order enjoins (Doc. 196) Pasco County's enforcing Section 901.2(H) (formerly Section 319.8) and Section 901.2(I) (formerly Section 319.9) of the Pasco County Land Development Code. Pasco County appeals (Doc. 200) and moves (Doc. 203) under Rule 62(c), Federal Rules of Procedure, to stay the injunction pending appeal. Hillcrest responds (Doc. 208) in opposition.

## **DISCUSSION**

During the appeal of an interlocutory order granting an injunction, Rule 62(c) permits "the court [to] suspend" or "modify" the injunction "on terms for bond or

other terms that secure the opposing party's rights."  Rule 62(c) requires "individualized judgment" about (1) whether the movant proffers a "strong showing" of a successful appeal on the merits, (2) whether the movant will suffer irreparable injury absent a stay, (3) whether a stay will "substantially injure the other parties interested in the proceeding," and (4) whether a stay will adversely affect "public interest."  *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

Mostly re-arguing the familiar, which was defeated once in the report and recommendation and again after objection, the motion to stay (Doc. 203) presents no "strong showing" of success on appeal.  Neither the County nor Hillcrest demonstrates any material and irreparable injury from either the imposition or the absence of a stay.  The continued enforcement of an unconstitutional ordinance is abhorrent, but the report and recommendation and the order on summary judgment alert an affected party to the existence of rights and the means to redress any prospective or impending injury.  For the "numerous projects" that the County says "are midstream in the [permitting] process," the County proceeds both aware of the attendant risk and able to mitigate or avoid the risk, if the County chooses.

The *Hilton* factors more or less balance.  The County enacted the Ordinance more than seven years ago, and no compelling reason appears to alter the status quo

during the appeal.[1]  The motion (Doc. 203) is **GRANTED**, and the injunction (Doc. 199) is **SUSPENDED**[2] pending a mandate from the Eleventh Circuit.  The County's motion (Doc. 211) to reply is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on June 24, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1]  The choice of an injunction or a stay implicates two distinct components:  on one hand, the relation between the County and Hillcrest and, on the other hand, the relation between the County and other landowners along a transportation corridor in Pasco County.  With respect to the former, Hillcrest and the County linger in deadlock.  The County refuses to authorize Hillcrest's development unless Hillcrest dedicates land; Hillcrest refuses to dedicate land.  This years-long deadlock can persist during the appeal without material and irreparable injury to either side.  With respect to the latter, the County understands the risk associated with applying the invalid ordinance, and the order in this action informs each affected person of the pertinent rights and remedies.  The status quo is awkward and unfortunate but tolerable.

[2] Rule 62(c) employs the term "suspend," which context renders equivalent to "stay" in the instance of an "interlocutory order . . . that grants . . . an injunction."