UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLCREST PROPERTY, LLP,

    Plaintiff,

v.                                                        CASE NO.: 8:10-cv-819-T-23TBM

PASCO COUNTY,

    Defendant.

_____/

**ORDER**

"Acknowledg[ing] that its motion may be premature," Hillcrest moves (Doc. 206) "out of an abundance of caution" for attorneys' fees and costs. Rule 54(d)(2)(B)(i), Federal Rules of Civil Procedure, requires a motion for attorneys' fees to "be filed no later than 14 days after the entry of judgment" and Rule 54(d)(2)(B)(ii) requires the movant to "specify the judgment." Failing to specify the judgment (none appears), the motion (Doc. 206) is **DENIED WITHOUT PREJUDICE**.[*]

\* \* \*

The County argues (Doc. 203) that the pendency of the as-applied substantive-due-process claim precludes summary judgment on the facial claim, and Hillcrest believes (Doc. 204 at 2) that "the Court . . . dispos[ed] of all Hillcrest's

---

[*] The motion requests that "this Court enhance the attorneys fee award by 25% to reflect the quality of the representation and enormous benefit achieved by Hillcrest and its lawyers."

remaining federal claims except Hillcrest's damages under Count VII (facial due process violation under the U.S. Constitution) and liability and damages under Count II (alternative as-applied due process violation under the U.S. Constitution)."

In the motion for summary judgment, the County argues that the as-applied claim fails as "unripe."  Hillcrest excludes from the cross-motion for summary judgment the as-applied claim, Count II.  The April 12, 2013, order discusses (Doc. 196 at 19-22) the ripeness challenge to the as-applied claim, reasons that "the point at which a 'final decision' occurs depends on the remedy sought," and quotes from *Eide v. Sarasota County*, 908 F.2d 716, 726 (11th Cir. 1990):

> We can conceive of an arbitrary and capricious due process claim in which the final decision requirement would be satisfied with a single arbitrary act.  For example, if a landowner's initial application for commercial zoning had been rejected at a preliminary stage simply because the landowner was a redhead, the landowner's arbitrary and capricious due process claim challenging that action would be ripe. That decision can be immediately challenged because the arbitrary and capricious act has been applied to him.  However, the remedy for the mere rejection of the redheaded landowner's application would not be an injunction requiring a grant of commercial zoning, but rather would be the overturning of the arbitrary decision, possibly an injunction against similar irrational decisions, and other remedies depending on the situation.  The landowner could not prove the damages that Eide seeks – i.e. commercial zoning – without first claiming and proving a final decision by the local authority denying commercial zoning.

"Ripeness" depends on the remedy sought.  Hillcrest demands in the as-applied claim (Count II) "damages against the County for having violated Hillcrest's due process

rights" and in the facial claim (Count VII) "damages resulting from the County's past adoption and enforcement" of the Ordinance. (Doc. 36 at 23 and 33)

Applied to this action, *Eide* requires a distinction between, on the one hand, Hillcrest's injury resulting from subjecting Hillcrest to the Ordinance and, on the other hand, Hillcrest's injury resulting from the County's denying the permit or granting the permit subject to the dedication. The order (Doc. 196 at 22) addresses the availability of an injunction and the availability of nominal damages (and no other damages) and applies *Eide*'s distinction to the as-applied claim:

> Hillcrest's as-applied due process claims seek, aside from the Ordinance's invalidation and attorneys' fees and costs, only damages "for having violated Hillcrest's due process rights." (Doc. 36 at 23) The as-applied due process claims seek neither an award of damages (other than nominal) nor an injunction ordering Pasco County to approve the construction plan. Neither a waiver nor a variance, each a procedure within the Ordinance, will exempt Hillcrest from the Ordinance (although a waiver or variance might exempt Hillcrest from the dedication requirement or another part of the Ordinance). Thus, Pasco County has reached an effectively final decision that the Ordinance applies to Hillcrest. For the successful as-applied due process claim, nominal damages are available.

For nominal damages and an injunction resulting from the County's subjecting Hillcrest to the Ordinance, (1) the as-applied claim is ripe and, perforce summary judgment on the facial claim, liability was determined in the April 12, 2012, order, and (2) the facial claim is ripe and adjudicated (although awaiting judgment and an award of nominal damages). The order says as much. As to the claim for damages

resulting either from the County's denying the permit or from the County's granting the permit subject to the dedication (that is, damages other than nominal damages), an issue remains about "ripeness."

\* \* \*

Additionally, Hillcrest's motion (Doc. 204) to amend the case management order is **DENIED**.  This action is **STAYED** pending a mandate from the Eleventh Circuit.

ORDERED in Tampa, Florida, on June 24, 2013.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE