UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLCREST PROPERTY, LLP,

    Plaintiff,

v.                                      CASE NO. 8:10-cv-819-T-23TBM

PASCO COUNTY,

    Defendant.
_____/

## ORDER

**I. Liability**

A March 9, 2012 report and recommendation (Doc. 168) and an April 12, 2013 order (Doc. 196) hold that Pasco County's "Right of Way Preservation Ordinance" on its face violates due process.[1] Because the application of a facially unconstitutional ordinance necessarily establishes a meritorious as-applied due-process claim, Hillcrest's motion (Doc. 239) for summary judgment on the "as-applied substantive due process" claim in Count II is **GRANTED** for the reasons stated in the March 9, 2012 report and recommendation (Doc. 168) and in the April 12, 2013 order (Doc. 196).

---

[1] *Hillcrest Property, LLC v. Pasco County*, 754 F.3d 1279 (11th Cir. 2014) (Alarcón, J.), decides nothing about the holding of the March 9 report and recommendation or the April 12 order and "express[es] no view as to the merits of Hillcrest's pending as-applied substantive due process claim." Rather, *Hillcrest* holds that Florida's four-year limitation bars Hillcrest's facial challenge. Effectively immunizing a flagrantly unconstitutional statute or ordinance from a facial challenge, *Hillcrest* encourages a state or county to delay for four years and a day the enforcement of the statute or ordinance (the absence of pre-limitation enforcement yields no victim with an injury sufficient to satisfy Article III).

**II. Damages**

"The as-applied due process claims seek neither an award of damages (other than nominal) nor an injunction ordering Pasco County to approve construction." (Doc. 196 at 22) Hillcrest's success on the "as-applied substantive due process" claim entitles Hillcrest to $1 in nominal damages.

Even if Hillcrest requested consequential damages for the "lost sale" to Tandem Development Group, Pasco County's motion (Doc. 240) for summary judgment on damages warrants granting because Hillcrest presents insufficient evidence to establish a genuine dispute of material fact about damages. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (explaining that a plaintiff must present more than a "mere . . . scintilla of evidence" to defeat summary judgment). Although Tandem discussed buying the land, the deal depended on Tandem's securing financing, which depended on Tandem's securing an "anchor tenant" for the shopping center that Tandem considered building on the land. Hillcrest argues that the testimony about Publix's "initial interest" in leasing part of the shopping center (if and when developed) permits inferring that Tandem probably would buy the land, but Hillcrest cites no testimony of a Publix agent to establish Publix's intent to lease from Tandem.

The testimony of Tandem's principal Jonathan Schwartz confirms that Hillcrest's "consequential damages" depend on unadorned speculation about Publix's intent. Asked how often a potential lessee's "initial interest" results in the

construction of a shopping center, Schwartz responds, "Let's go with 50 [percent]." (Schwartz Depo. at 33) According to Hillcrest, this casual comment can sustain Hillcrest's argument for several million dollars in consequential damages. But Schwartz explains in the next breath that Publix expressed "initial interest" to Tandem on ten other occasions, which resulted in just two developments. (Schwartz Depo. at 33) In this instance, Publix never discussed the terms of a lease ("it [was] too early" to discuss details), never investigated the land's suitability for a Publix (the discussion "[n]ever got that far"), and never committed anything to writing. (Schwartz Depo. at 30–35) In sum, the highly uncertain prospect that Publix's "initial interest" might eventually result in Tandem's buying the land cannot support consequential damages for the "lost sale."[2]

## CONCLUSION

The clerk is directed (1) to enter judgment on Count II in the amount of $1 for Hillcrest Property, LLP, and against Pasco County, (2) to terminate any pending motion, and (3) to close the case.

If no party submits a timely notice of appeal, Hillcrest may move for an attorney's fee and costs no later than **NOVEMBER 23, 2017**. If a party submits a timely notice of appeal, Hillcrest may move for an attorney's and costs no later than thirty days after the mandate. If a party submits a timely notice of appeal but no

---

[2] To the extent the November 28, 2012 order (Doc. 186) denies without prejudice the motion (Doc. 135) to exclude Schwartz's testimony, the order is **VACATED**, and the motion (Doc. 135) to exclude Schwartz's testimony is **GRANTED**.

mandate issues (for example, because the appellant voluntarily dismisses the appeal), Hillcrest may move for an attorney's fee and costs no later than thirty days after this order becomes final.

ORDERED in Tampa, Florida, on September 29, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE